Judge Owsley
delivered the opinion.
Tbis writ of error is prosecuted by Johnston to reverse a judgment recovered against him by default, in an action brought by the bank. ,
The writ issued in May, 1819, and the declaration was lodged with the clerk in vacation, on the 24th ©f July,, *404 !6l9, and without an entry having been made in court of **le °f the declaration, and without amappearance by Johnston, judgment was taken against him at the March term, 1820.
filed. . , Where a net fiied before the issu-u,e be filed in term time, & no imi shall be. had till the term sue-cecding that S', "blch
Bibb and Crittenden for plaintiff, Wickliffe for defendants.
W hether, under these circumstances, the judgment was regularly taken, is the only question to be decided in this ^ ^ .
We think it was not. Under the act of the 31st of January, 1810, regulating proceedings in suits at law and equity, (session acts, 1809, page 141,) we understand that, where a suit at law ts commenced previous to tiling the declaration, the plaintiff is not authorised to file his declara-j¡on vacation, but the declaration must be filed in term
The first section of the act permits the plaintiff to file declaration with the clerk before the writ issues; but the fifteenth section declares expressly, that if the suit be brought previous to filing the declaration, the plaintiff shall not have a rigid to demand a trial until the term succeeding the one in which the declaration may be filed; and moreover provides, that the plaintiff shall pay all costs previous to the declaration being filed.
So much of this latter section as directs the plaint iff shall pay cosis, where his suit is brought before thedecia-ratioti is filed, has by a subsequent act, been repealed; but that part of the section which directs the time and manner of filing Ihe declaration, and the time when the trial may be had, remains in full force; and by the provisions still in force, if the declaration be not filed previous to the writ being issued, the plaintiff has no light to demand a trial until the term succeeding that in which the declaration is filed.
if the defendant appears ami makes no objections to the trial on account of the declaration not having been re-gid rh filed, he will be presumed to have waived the objections, and would not, thereafter, in this court, for the first time, be permitted to question the regularity of the trial; hot Johnston seems not to have appeared in this case, and consequently he cannot be presumed either to have consented to the trial, or waived any objections to its regularity.
The judgment must be reversed with costs, and the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.